■ In the Matter of the Arbitration between Albany Housing Authority, Respondent, and Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Appellants. [634 NYS2d 565] —Casey, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 15, 1995 in Albany County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner brought this CPLR article 75 proceeding to vacate an arbitrator's award in favor of respondent on the ground that the arbitrator had exceeded the authority granted to him by the parties' collective bargaining agreement. Pursuant thereto, the arbitrator was empowered to determine only the issues of whether an employee's "misconduct or incompetence has been proven by a preponderance of the evidence and if the penalty was imposed in bad faith or was unreasonable". The arbitrator had determined, in the course of the decision at issue here, that petitioner had wrongly discharged employee Jack Carden under its "four strikes and you're out" policy, a policy that provides, *inter alia*, that four disciplinary infractions committed by an employee warrant his immediate discharge.

It was the arbitrator's conclusion that petitioner had improperly found that Carden's four unexcused absences con-

stituted four infractions warranting his dismissal. The arbitrator reasoned that because two of Carden's four days of unexcused absences were consecutive, his absence on these days constituted one, not two, disciplinary infractions. Hence, Carden was guilty of a total of three disciplinary infractions rather than the requisite four, and should not have been discharged.

Supreme Court granted petitioner's subsequent application for vacatur of the arbitration award on the ground that the arbitrator had exceeded the authority granted to him by the parties' agreement. We reverse.

The agreement vested the arbitrator with the power to determine (1) whether the employee's misconduct had been proven by sufficient evidence, and (2) whether the penalty was unreasonable or in bad faith. The arbitrator did not exceed that grant of authority here. It was, in essence, the arbitrator's finding that there was insufficient evidence that Carden was guilty of four disciplinary infractions and that, as a result, the penalty of dismissal was unreasonable. In making this determination, the arbitrator stayed well within the limits of his authority (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-309).

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, cross motion granted and arbitration award confirmed.